UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X   Case No.
ESTHER WALKES,

                             Plaintiff,

    -against-



NCO FINANCIAL SYSTEMS, INC. and ZWICKER
& ASSOCIATES, P.C.
                             Defendants.
-----------------------------------------------------------------------X

       Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendants and in support thereof alleges the following:

## INTRODUCTION

    1.    This is an action for damages brought by an individual consumer for defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices. This action is also brought pursuant to New York General Business Law §349 ("NYGBL §349") for an injunction and damages against defendants' deceptive acts and practices.

## PARTIES

    2.    Plaintiff is a natural person residing in this District and is a consumer as defined by the FDCPA, §1692a(3).

Case 1:11-cv-03580-HB   Document 1   Filed 05/25/11   Page 2 of 5

3. Upon information and belief, defendant NCO is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6). NCO uses the mail to collect consumer debts in default which are owed or due or alleged to be owed or due to others. Upon information and belief, NCO is a foreign business corporation incorporated in Pennsylvania. Second-named defendant Zwicker is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6). Zwicker uses the mail to collect consumer debts in default which are owed or due or alleged to be owed or due to others. Upon information and belief, Zwicker is a foreign professional corporation incorporated in Massachusetts.

## JURISDICTION AND VENUE

4. This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §1331 and supplemental jurisdiction exists over the NYGBL §349 claims pursuant to 28 U.S.C. §1367.

## ALLEGATIONS OF FACT

5. Plaintiff re-alleges paragraphs 1 to 4 as if fully re-stated herein.

6. That at a time better known to NCO, NCO began to collect a consumer debt allegedly owed by plaintiff to American Express, which debt it was alleged was in default.

7. That plaintiff received a debt collection letter from NCO dated October 28, 2010 concerning the debt.

8. That plaintiff conferred with her attorneys at Fagenson & Puglisi. By letter dated November 10, 2010 Concetta Puglisi, Esq. of Fagenson & Puglisi wrote to NCO informing NCO that Fagenson & Puglisi represents plaintiff, plaintiff disputes the debt NCO was attempting to collect and that NCO should not contact plaintiff directly

regarding the debt.

9. That notwithstanding plaintiff's attorney's said letter to NCO, Zwicker nonetheless sent a collection letter, dated April 13, 2011 directly to plaintiff at her home in an attempt to collect the same debt.

## COUNT ONE

### FDCPA Allegations concerning NCO

10. That plaintiff re-alleges paragraphs 1 to 9 as if fully re-stated herein.

11. That NCO failed to inform its principal, American Express, that plaintiff is represented by an attorney in the matter of the collection of the debt, as NCO was obligated to do pursuant to the FDCPA, §§1692e(8) and 1692e(10). As a result of NCO's said failure, Zwicker was unaware that plaintiff was represented by an attorney before it sent the said April 13, 2011 letter to plaintiff.

12. That NCO is therefore in violation of the FDCPA, including but not limited to §§1692e(8) and 1692e(10).

## COUNT TWO

### FDCPA Allegations concerning Zwicker

13. That plaintiff re-alleges paragraphs 1 to 12 as if fully re-stated herein.

14. That, in the alternative, Zwicker was aware that plaintiff was represented by an attorney but, nevertheless, Zwicker sent the April 13, 2011 collection letter to plaintiff.

15. That Zwicker's said letter constitutes improper direct contact with plaintiff with full knowledge that she is represented by counsel in the matter and is in violation of the FDCPA, including but not limited to §1692c(a)(2). Said letter also violates §1692e(10), as a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.

## COUNT THREE

### NYGBL §349

16. That plaintiff re-alleges paragraphs 1 to 15 as if fully re-stated herein.

17. That each of the deceptive and misleading acts and practices above-mentioned was committed in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

18. That defendants' deceptive and misleading acts and practices were consumer-oriented, in that defendants are collectors of consumer debts incurred principally or wholly by natural persons. On information and belief, defendants mail or cause to be mailed to natural persons within New York State each year thousands of letters similar to the ones referenced herein, despite knowledge that the consumer is represented by an attorney.

19. That defendants improperly contacted plaintiff or caused said contact with plaintiff with full knowledge that she is represented by counsel and in so doing violated NYGBL §349.

20. That defendants are therefore in violation of NYGBL §349(a) and liable to plaintiff under NYGBL §349(h).

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendants as follows:

(a) statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(b) statutory damages pursuant to NYGBL §349(h) in an amount to be determined at the time of trial;

(c) enjoining defendant from further direct contact with plaintiff pursuant to NYGBL §349;

(d) reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1692k and NYGBL §349(h); and

(e) for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
May 23, 2011.

_____
NOVLETTE R. KIDD, ESQ.(NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com